UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:

PARADISE ENTERPRISES, INC.,
as titled owner of and for a
68' 2007 AZIMUT, hull
identification number
XAX68112F607 her engines,
tackle, and appurtenances,
for exoneration from or
limitation of liability,

       Petitioner,

                            Case No: 2:18-cv-527-FtM-99MRM

**ORDER**

This matter comes before the Court on Petitioner's Motion for Entry of Final Default Judgment for Exoneration from Liability Against All Claimants Not Filing a Claim in This Action (Doc. #17) filed on November 8, 2018. No response has been filed and the time to do so has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

This case stems from a vessel fire. On or about June 4, 2018, the vessel caught fire near the Isle of Capri Marina in Marco Island/Naples, Florida. (Doc. #1, ¶ 9.) On July 31, 2018, Petitioner filed a Petition for Exoneration From or Limitation of Liability (Doc. #1), seeking exoneration from any fault and legal

responsibility and limitation of liability for the incident. Because no party or claimant filed a claim or answer and the time to do so had expired, a Clerk's Entry of Default was entered on November 6, 2018 (Doc. #16) against all persons or entities who have not yet filed a claim.  Petitioner now moves for the entry of judgment against all potential claimants.

"In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Admiralty or Maritime Claims to the Federal Rules of Civil Procedure set forth deadlines for providing notice to potential claimants and filing claims."  In re: Ruth, 8:15-CV-2895-T-23TBM, 2016 WL 4708021, *2 (M.D. Fla. Aug. 23, 2016), report and recommendation adopted sub nom. In re 37' 2000 Intrepid Powerboat, 8:15-CV-2895-T-23TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016). Pertinent here, Supplemental Rule F(4) provides:

> the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.  In cases involving

> death a copy of such notice shall be mailed to the
> decedent at the decedent's last known address, and also
> to any person who shall be known to have made any claim
> on account of such death.

Supp. Am. R. F(4). Claimants must file or serve their claims before the date specified in the notice. See Supp. Adm. R. F(5). And "if a claimant desires to contest either the right to exoneration or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim included an answer." Id. If the notice period ends without a response from potential claimants and a plaintiff has complied with the applicable Supplemental Rules, default judgment will be entered. See In re Pet. of Holliday, 6:14-CV-1709-ORL-28, 2015 WL 3404469, *3 (M.D. Fla. May 26, 2015); see also Supp. Adm. R. F(4)-(5).

## II.

Here, the Court set September 21, 2018 as the deadline to file a claim and no claims have been filed to date. (Doc. #7.) Plaintiff published notice of the limitation proceeding in a daily newspaper for four straight weeks before the deadline.[1] (Doc. #13.) The notice expressly stated the deadline for filing a claim and/or answer and that failure to file a timely claim and/or answer may

---

[1] Plaintiff published notice of the limitation proceeding in the News-Press, a daily newspaper published at Fort Myers in Lee County, Florida, for four straight weeks on August 17, 24, 31 and September 7, 2018. (Doc. #13.)

result in the waiver of such right to file a claim and/or answer. (Id.) Petitioner also mailed a copy of the notice via regular U.S. mail, certified mail, and electronic mail to Isles of Capri Marina, LLC; Capri Marina Partners, LLC; Greg Davis; Lee Schmachtenber; Wayne Ball; Kevin Woodward; Thomas Dryden; William Fritz; Lori Dean; and Gregory Salmando, Esq. as counsel for Wayne Ball. (Doc. #17, ¶ 8). Petitioner also states that before this action was initiated several parties sent invoices to Petitioner through its insurers or undersigned counsel for work allegedly undertaken because of the fire. (Id., ¶ 10.) Petitioner notified those parties of the deadline to file a claim as well, but none of these parties or any other potential claims have were filed. (Id.)

Because no potential claimant has filed a claim and/or answer and the deadline has expired, and because has Petitioner satisfied its responsibilities under the Supplemental Rules for Admiralty or Maritime Claims, the Court grants default judgment.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for Entry of Final Default Judgment for Exoneration from Liability Against All Claimants Not Filing a Claim in This Action (Doc. #17) is **GRANTED.**

2. The Clerk shall enter judgment in favor of PARADISE ENTERPRISES, INC., as titled owner of and for a 68' 2007 AZIMUT, hull identification number XAX68112F607 her engines, tackle, and

appurtenances, against all claimants who have not timely filed claims or answers in response to the Petition for Exoneration From or Limitation of Liability (Doc. #1). The Judgment shall also state that Petitioner is exonerated from any responsibility, loss, damage or injury, from all claims arising out of the incident described in the Petition for Exoneration From or Limitation of Liability (Doc. #1).

3. The Clerk is further directed to terminate all pending motions and deadlines and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of November, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record